**FILED**

**May 13, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:12 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Tony Rucker | ) Docket No. 2015-02-0126 |
| | ) |
| v. | ) |
| | ) State File No. 71844-2014 |
| Flexible Staffing Solutions of Tennessee, et al. | ) |
| | ) |
| Appeal from the Court of Workers' Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

**Vacated in Part and Remanded**
**Filed May 13, 2016**

---

The employer has appealed the trial court's compensation order, which found the employee to have established in a bifurcated hearing that his neck and right shoulder injuries arose primarily out of and in the course and scope of his employment. The employee has filed a motion to dismiss the employer's appeal, asserting the notice of appeal was untimely because it was filed more than seven days after issuance of the trial court's order. The employer asserts its notice of appeal is timely since it was filed less than thirty days following the entry of the trial court's compensation hearing order. We find that the employer's notice of appeal is timely. We further find that the trial court erred in addressing the employee's entitlement to temporary disability and medical benefits in its order following the bifurcated compensation hearing, and we vacate that part of the trial court's compensation order. Finally, we find that the remaining issues raised in the employer's appeal are premature and we remand the case for such proceedings as may be necessary to resolve the outstanding issues.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Timothy W. Conner and Judge Marshall L. Davidson, III, joined.

Neil M. McIntire, Nashville, Tennessee, for the employer-appellant, Flexible Staffing Solutions of Tennessee

1

David H. Dunaway, LaFollette, Tennessee, for the employee-appellee, Tony Rucker

**Factual and Procedural Background**

Tony Rucker ("Employee") alleges he suffered injuries to his neck and right shoulder arising primarily out of and in the course and scope of his employment with Flexible Staffing Solutions of Tennessee ("Employer") on September 2, 2014. He filed a petition for benefit determination seeking both temporary disability and medical benefits. Following the filing of a dispute certification notice identifying the disputed issues as medical benefits, temporary disability benefits, and compensability, Employee filed a motion to compel payment of benefits, requesting both medical and temporary disability benefits. The motion alternatively requested an initial hearing.[1] Employee subsequently requested an expedited hearing; however, the request was not accompanied by "affidavits and any other information demonstrating that [Employee] is entitled to temporary disability or medical benefits" as required by Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015).

The trial court entered an order dismissing Employee's motion to compel benefits, concluding the motion was procedurally deficient because it was not accompanied by a supporting affidavit. *See Hadzic v. Averitt Express*, No. 2014-002-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14 (Tenn. Wrk. Comp. App. Bd. May 18, 2015). The trial court granted Employee's request for an initial hearing, which was scheduled for September 9, 2015. On September 21, 2015, the trial court entered an initial hearing order identifying the contested issues as medical benefits, temporary disability benefits, and compensability. The order noted Employee's "oral motion" and the "agreement of the parties" to "bifurcate[] this cause," and provided that "[t]he issue of compensability will be adjudicated separately and prior to the adjudication of the issue of compensation."

Employee subsequently filed a "Renewed Motion to Compel Payment of Benefits," which was supported by Employee's deposition as well as the depositions of Dr. Richard P. Boyer and Dr. C. M. Salekin. On November 25, 2015, the parties submitted a "Pre-Bifurcated Compensability Only Hearing Statement" wherein they set out, among other matters, stipulated "findings of fact and conclusions of law," and the parties additionally identified the contested issues to be tried at the bifurcated hearing.

On December 3, 2015 an evidentiary hearing was held at which time the trial court announced that "the first compensation hearing will be on the issue of compensability only, and depending on the Court's determination of that issue, later temporary or permanent disability benefits would be addressed by the parties." Two witnesses

---

[1] "With the exception of a hearing of temporary disability or medical benefit issues conducted on an expedited basis, an initial hearing shall be the first hearing before a workers' compensation judge where the judge will consider issues related to the efficient processing of the case." Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (2015).

testified: Sanford Miller, Employee's supervisor on the date of Employee's injury, and Employee. At the conclusion of Employee's proof, Employer moved to dismiss the case, asserting that Employee failed to establish the elements of his case. The trial court took the motion under advisement. Employer chose not to present further proof.[2] Before the parties made their closing arguments, the trial court confirmed that "[t]he determination of the Court will be on the issue of compensability only and as to the motion to dismiss," stating that the court "will not make a specific finding at this time as to whether or not [Employee] is entitled to temporary disability or medical benefits."

On January 21, 2016, the trial court issued a "Compensation Hearing Order," finding Employee "established by a preponderance of the evidence that he sustained a compensable injury primarily arising out of and in the course and scope of his employment." Contrary to the court's earlier statements that it would not make findings as to Employee's entitlement to temporary disability and medical benefits, the trial court awarded both temporary disability and medical benefits, but did not resolve all disputed medical issues, stating "[t]his Court reserves the issue of past medical expenses for the right shoulder to be determined at a later date." The order required compliance "no later than five business days from the date of entry," unless the order was appealed. On January 28, 2016 the trial court entered an "Order Correcting Compensation Hearing Order," which amended the language concerning instructions for Employer's compliance with the trial court's order.[3] On February 19, 2016, Employer filed a Compensation Hearing Notice of Appeal.

Employee thereafter filed a motion to dismiss the appeal, asserting that, to be timely, Employer's notice of appeal had to be filed within seven business days of the entry of the trial court's order. Employer filed a response to Employee's motion to dismiss, asserting its February 19, 2016 notice of appeal was timely since it was filed within thirty days of the trial court's Compensation Hearing Order.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party

---

[2] The first witness to testify, Sanford Miller, was called by Employer and allowed to testify out of order to accommodate his work schedule.

[3] The trial court entered its corrected order *nunc pro tunc*. Although the order does not state the date to which the court's corrected order was entered *nunc pro tunc*, we presume the trial court intended it to relate back to the January 21, 2016, date of entry of the Compensation Hearing Order.

"have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)  Violate constitutional or statutory provisions;
(B)  Exceed the statutory authority of the workers' compensation judge;
(C)  Do not comply with lawful procedure;
(D)  Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)  Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

Employer raises four issues in its notice of appeal, namely, the compensability of Employee's claim, whether Employee's injuries included his shoulder, whether a causal connection was established between Employee's shoulder condition and the employment, and whether the trial court's award of temporary disability benefits was appropriate. As previously noted, Employee filed a motion to dismiss the appeal as untimely, asserting Employer's notice of appeal was filed more than the seven days after issuance of an order for temporary disability or medical benefits, thereby leaving the Appeals Board without jurisdiction to decide the appeal. For the reasons that follow, we find the notice of appeal to have been timely filed. Additionally, we vacate the trial court's order awarding temporary disability and medical benefits, dismiss the appeal as premature, and remand the case for such additional proceedings as may be necessary.

### *Timeliness of the Notice of Appeal*

Employee contends the notice of appeal is untimely because it was filed twenty-nine days after the trial court's Compensation Hearing Order was entered. Relying on Tennessee Code Annotated section 50-6-239(d)(3) and Tenn. Comp. R. & Regs. 0800-02-22-.01, Employee contends Employer is appealing an interlocutory order and was required to file the notice of appeal within seven business days of the entry of the trial court's January 21, 2016 order. *See* Tenn. Code Ann. § 50-6-217(a)(2)(A) (2015); Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(a) (2015). In contrast to the seven business days within which a party must file a notice of appeal of an interlocutory order, a party has thirty calendar days in which to file a notice of appeal of a compensation order. Tenn. Code Ann. § 50-6-217(a)(2)(B); Tenn. Comp. R. & Regs. 0800-02-21-.01(1)(b).

4

Tenn. Comp. R. & Regs. 0800-02-21-.02(16) (2015) defines an interlocutory order as "an order by a workers' compensation judge that awards or denies temporary disability or medical benefits following a review of the submitted material, or a hearing if one is convened at the discretion of the workers' compensation judge, *as a result of a motion for expedited hearing*." (Emphasis added.) Employee contends that because the order in question awards temporary disability and medical benefits, it is an interlocutory order. However, the statute addressing expedited hearings authorizes a trial judge to hear disputes "[u]pon motion of either party" on an expedited basis and enter an interlocutory order "upon determining that the employee would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1). It is within the trial judge's discretion whether to hold "a full evidentiary hearing before issuing an interlocutory order for temporary disability or medical benefits." Tenn. Code Ann. § 50-6-239(d)(2). In contrast, following a compensation hearing a trial judge "shall issue a compensation order . . . and, if appropriate, an order for the payment of benefits." Tenn. Code Ann. § 50-6-239(c)(2). Moreover, Tenn. Comp. R. & Regs. 0800-02-21-.02(7) defines "compensation order" as "an order by a workers' compensation judge following conclusion of a full evidentiary hearing or a decision on the record."

Here, the order appealed from is a compensation order entered by the trial court following a bifurcated evidentiary hearing. While the order awarded temporary disability and medical benefits, it was, nonetheless, a compensation order within the meaning of Tennessee Code Annotated section 50-6-239(c)(2). Although Employee requested an expedited hearing, the trial judge neither held an expedited hearing nor entered an interlocutory order "based on a review of the file upon determining that no additional information is needed to determine whether the employee is likely to prevail at a hearing on the merits of the claim." Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(c). Accordingly, we deny Employee's motion to dismiss the appeal as untimely.

*The Bifurcated Hearing*

The Initial Hearing Order entered on September 21, 2015 bifurcated the case and ordered that the issue of compensability be tried separately:

> BIFURCATION: Upon oral motion of [Employee], and by agreement of the parties, this Court hereby bifurcates this cause. The issue of compensability will be adjudicated separately and prior to the adjudication of the issue of compensation.

At the December 3, 2015 hearing, and following the trial court's review of the parties' stipulated findings of fact and stipulated conclusions of law, the trial court confirmed with the parties the issues to be decided as identified in the dispute certification notice and in the Initial Hearing Order. Stating "[w]hether [Employee] sustained an injury arising primarily out of and in the course and scope of the

5

employment," the trial judge then asked whether "[t]he parties agree that that is the correct contested issue for determination today?" Counsel for the parties responded affirmatively, and the following colloquy ensued:

> THE COURT: Are there any other contested issues for determination, based on the bifurcation of this case?
>
> [COUNSEL FOR EMPLOYEE]: No, your honor.
>
> [COUNSEL FOR EMPLOYER]: No, your honor.
>
> [COUNSEL FOR EMPLOYEE]: I guess the only other question would be, if it is compensable, then is he owed temporary total [and] medical. That's a subpart of that.
>
> THE COURT: And I understand that that may be an issue, depending on the Court's determination today, and is the basis of your renewed motion to compel benefits. Is that correct?
>
> [COUNSEL FOR EMPLOYEE]: That's correct.
>
> THE COURT: Is there an agreement to address that matter today by the parties or do the parties want to reconvene that? Because it's not on the Court's docket for today's hearing.
>
> [COUNSEL FOR EMPLOYER]: Your Honor, I would suggest that we wait and address that later since it is not on the Court's docket today.
>
> [COUNSEL FOR EMPLOYEE]: It's my understanding, your Honor, this was part of the issue on the compensability when we set this to bifurcate it, and then obviously when he reached maximum medical improvement, at that point you decide any permanent disability. That's my understanding of your original order.
>
> THE COURT: The initial agreed -- the agreed initial hearing order was based upon a determination that the first compensation hearing will be on the issue of compensability only, and depending on the Court's determination of that issue, later temporary or permanent disability benefits would be addressed by the parties, and this Court will work with the parties to schedule that renewed motion.
>
> [COUNSEL FOR EMPLOYEE]: That's fine. That will work. That makes it easier.

6

Following the completion of the proof, the issue arose again concerning whether the trial court would rule on temporary disability and medical benefits issues:

THE COURT: So is the proof complete for the parties?

[COUNSEL FOR EMPLOYER]: Yes, your Honor. And I apologize. I meant to and I'm not entirely certain, given the fact that we do not know whether the determination today of compensability will have a determinative effect on whether [temporary disability benefits] and medical expenses are going to be paid. I'd like to introduce the Court to another opinion, to a legal opinion.

[COUNSEL FOR EMPLOYEE]: If we're not getting into that issue we don't need to --

[COUNSEL FOR EMPLOYER]: That's the point. I don't know whether we will or won't.

[COUNSEL FOR EMPLOYEE]: I think we reserve it until after we know that. You wouldn't let me go into it. I don't think you should.

[COUNSEL FOR EMPLOYER]: That's fine.

THE COURT: That's correct. The determination of the Court will be on the issue of compensability only and as to the motion to dismiss that's been served. This Court will not make a specific finding at this time as to whether or not [Employee] is entitled to temporary disability or medical benefits. That will be the determination that will follow, based upon this Court's decision in the compensation hearing order.

The trial court's January 21, 2016 Compensation Hearing Order states that the parties agreed to the trial court's bifurcating the case "as set forth in the Agreed Initial Hearing Order." Nonetheless, the Compensation Hearing Order states that "the Court bifurcated this cause and agreed to adjudicate the issue of compensability *and temporary benefits* separately and prior to the adjudication of the issue of permanent disability benefits." (Emphasis added.) The order identified the "central legal issues" as including "whether [E]mployee is entitled to past or future temporary disability benefits," and "whether [E]mployee is entitled to past or future medical benefits." Finding that the evidence established that Employee "sustained a compensable injury primarily arising out of and in the course and scope of his employment," the trial court additionally found that Employee "is entitled to temporary disability and medical benefits." The trial court expressly reserved "the issue of past medical expenses for the right shoulder to be determined at a later date."

Based upon the parties' December 3, 2015 agreement to limit the issue to be tried to compensability and the trial court's confirmation at the hearing that it "will not make a specific finding at this time as to whether or not [Employee] is entitled to temporary disability or medical benefits," we find that the trial court went beyond the scope of the bifurcated hearing when it awarded temporary disability and medical benefits in the January 21, 2016 compensation order.[4] Accordingly, we vacate the trial court's award of temporary disability and medical benefits.

*Whether the Appeal is Premature*

Had the trial court decided the bifurcated hearing in favor of Employer and found Employee's claim was not compensable, the Compensation Hearing Order would be appealable. However, the present appeal is premature because the trial court's Compensation Hearing Order does not dispose of all of the disputed issues, and it does not address Employee's entitlement to permanent disability benefits. *See Ledford v. McPherson*, No. 01-S-01-9011-CV-00099, 1991 Tenn. LEXIS 266 (Tenn. June 24, 1991). Moreover, the order does not resolve all of the issues concerning the medical benefits to which Employee may be entitled.

Tennessee Code Annotated section 50-6-217(a)(1) established the Workers' Compensation Appeals Board "to review interlocutory and final orders entered by workers' compensation judges." There are two methods by which a trial court's compensation order can become final. The first involves a compensation order that is not appealed to the Workers' Compensation Appeals Board. "The decision of the workers' compensation judge shall become final thirty (30) days after the workers' compensation judge enters a compensation order," in cases where "a party in interest does not timely file a request for appeal to the workers' compensation appeals board." Tenn. Code Ann. § 50-6-217(a)(2)(B). In those circumstances, "the order of the workers' compensation judge shall become final and may be appealed to the state supreme court." Tenn. Code Ann. § 50-6-239(c)(7). The second method by which a compensation order can become final involves an appeal to the Workers' Compensation Appeals Board and the Appeals Board's subsequent affirmance "certifying as final the compensation order." Tenn. Code Ann. § 50-6-217(a)(2)(B).[5] Here, Employer's appeal to the Appeals Board prevented the

---

[4] We express no opinion on whether or under what circumstances a bifurcated trial is authorized or warranted. We do, however, note that resolving litigation in piecemeal fashion may delay a final resolution of the case and rarely serves the interests of judicial economy.

[5] After this appeal was filed, section 50-6-217(a)(2)(B) was amended to provide that "[f]or purposes of further appellate review, the workers' compensation appeals board shall certify as final the order of the court of workers' compensation claims as affirmed, reversed, modified, or remanded. The decision of the workers' compensation appeals board shall be appealable to the Tennessee Supreme Court as provided for in the Tennessee Rules of Appellate Procedure. If a compensation order is timely appealed to the workers' compensation appeals board, the order issued by the workers' compensation judge shall not

compensation order from becoming final under section 50-6-239(c)(7) and appealable to the Tennessee Supreme Court. Moreover, the trial court's failure to address all of the issues necessary to conclude the case prevents the Appeals Board from certifying the compensation order as final.[6] Accordingly, the case must be remanded to the trial court to address the parties' unresolved disputes.

## Conclusion

For the foregoing reasons, we conclude that Employer's appeal of the trial court's Compensation Hearing Order was timely. Because the trial court's Compensation Hearing Order made findings concerning issues the parties and the trial court agreed would not be addressed in the December 3, 2015 hearing, the trial court's award of temporary disability and medical benefits is vacated. Finally, because the trial court's order does not dispose of all of the disputed issues, Employer's appeal is premature and is, therefore, dismissed. The case is remanded to the trial court for such further proceedings as may be necessary.

David F. Hensley, Judge
**Workers' Compensation Appeals Board**

---

become final, as provided in § 50-6-239(c)(7), until the workers' compensation appeals board issues a written decision certifying the order as a final order." 2016 Pub. Acts 816, § 4.

[6] A final order or judgment is one that resolves all the issues in the case, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003).

9



**FILED**

**May 13, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:12 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tony Rucker | ) | Docket No. 2015-02-0126 |
| | ) | |
| v. | ) | |
| | ) | State File No. 71844-2014 |
| Flexible Staffing Solutions of Tennessee, | ) | |
| et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of May, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Neil M. McIntire | | | | | X | nmcintire@howell-fisher.com |
| David H. Dunaway | | | | | X | dhdunaway@aol.com |
| Pamela B. Johnson | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov